PER CURIAM.
Supreme Court of Florida
Glenn Terrell, Chief Justice
Tallahassee
July 9, 1957
Honorable LeRoy Collins
Governor of Florida
Tallahassee, Florida
Dear Governor:
We have the honor to acknowledge your letter of June 21, 1957, submitting to us under Section 13 of Article IV of the Constitution of Florida, F.S.A., a request for advice relating to your executive powers and duties. Your letter reads as follows :
"Honorable Glenn Terrell, Chief Justice, and
Honorable Justices of the Supreme Court of Florida
Supreme Court Building
Tallahassee, Florida
“Re: Judicial circuits; number of judges; population of circuits, etc.
“Gentlemen:
“The State Constitution authorizes me, as Governor, to request the written opinion of the Justices of the Supreme Court as to the interpretation of any portion of the State Constitution upon any question respecting my executive duties and powers (Section 13, Article IV, State Constitution).
“Section 45, Article V, of the State Constitution, limited the number of inhabitants in a single judicial circuit to not less ‘than fifty thousand inhabitants according to the last preceding State or Federal census’ and further provides that additional circuit judges may be provided for by law as authorized by Section 43 of said Article V, ‘but the total number of circuit judges apportioned to any one judicial circuit shall not exceed one circuit judge for every fifty thousand inhabitants, or major fraction thereof.’ Said Section 43 limited the number of additional circuit judges according to the number of inhabitants of the circuit as shown by ‘the last Federal or State census occurring next before the passage of the law’ providing for such additional judge.
“By Chapter 22813, Laws of Florida, Acts of 1945 (Section 26.02, Florida Statutes [F.S.A.]) the first judicial circuit is composed of Escambia, Okaloosa, Santa Rosa and Walton Counties and it was provided by said law that until the first Tuesday after the first Monday in January, 1949, said circuit ‘shall have one circuit judge for each fifty thousand inhabitants, or major fraction thereof, * * * according to the last preceding general or special State of [sic] Federal census and after said’ last mentioned date ‘shall have two circuit judges.’
“By Chapter 29630, Laws of Florida, Acts of 1955, said Section 26.02 was amended and as so amended provides that said first circuit shall have one circuit judge for each fifty thousand inhabitants, or major fraction thereof ‘in said circuit according to the most recent official census’. Such last mentioned act became effective on January 8. 1957.
*548 “Section 6, Article V, of the State Constitution, as amended at the general election in 1956 and therefore as the same will become effective on July 1, 1957, authorizes the establishment of not more than sixteen judicial circuits, and further provides for ‘one circuit judge in each circuit for each fifty thousand inhabitants or major fraction thereof according to the last census authorized by law.’ This section will supersede above mentioned sections 43 and 45 of present Article V of the State Constitution on July 1, 1957.
“Under Section 5, Article VII, of the State Constitution, as amended at the general election in 1950, ‘the last preceding decennial Federal census, beginning with the Federal census of 1950, shall also be the State census and shall control in all population Acts and constitutional appor-tionments, unless otherwise ordered by the Legislature.’ The last preceding decennial state-wide census of Florida was the Federal census taken in 1950. Special censuses have been authorized to be taken in some of the counties since the said regular census of 1950; for example, a special census was taken in Okaloosa County under and pursuant to Chapter 31055, Laws of Florida, Acts of 1955. These special censuses of separate counties raise the question of whether they may be taken into consideration along with previous censuses taken in other counties when determining the number of circuit judges a particular judicial circuit is entitled to.
“Specifically, the first judicial circuit so composed of Escambia County (112,700), Okaloosa County (27,533), Santa Rosa County (18,554) and Walton County (14,-725), had a combined population of 173,518 according to the Federal census of 1950. A special census of Okaloosa County was authorized and taken on September 21, 1956, under the authority of said Chapter 31055, showing a population at the time of taking of 53,014 inhabitants. This when considered with the 1950 populations of Escambia, Santa Rosa and Walton Counties show a population in excess of 175,000 for the circuit, sufficient to entitle the circuit to an additional judge (Section 26.02, Florida Statutes [F.S.A.]). If, on the other hand, population counts in all counties must be contemporaneous, then the additional population of Okaloosa County would be unavailing.
“I, therefore, request the advice of the justices of the Supreme Court of Florida upon the following question:
“May the population count of a single county under a special census be combined with the population count under the last preceding regular census of other counties in a judicial circuit in determining the number of circuit judges authorized for such circuit ?
“Respectfully,
/s/ LeRoy Collins Governor”
Your question is answered in the affirmative.
 The obvious intention of Section 6(b), of Article V, is to furnish the people of each judicial circuit sufficient circuit judges to efficiently and expeditiously handle the litgation arising therein. While the case load or need for judges in a judicial circuit is not necessarily correlated to population the constitution, nevertheless, provides population to be the factor by which the number of judges in a circuit is to be determined. Under the pertinent provision of the Florida Constitution the yardstick by which population is to be measured is “the last census authorized by law.”
The basic unit in a judicial circuit is the county. The population of a circuit is the sum of the populations of the various counties, as determined by “the last census authorized by law.”
According to your request "the last census authorized by law” in Okaloosa County is the special census taken on September 21, 1956, under authority of Chapter 31055, Acts of 1955, and the population of that *549 county as found to exist in that special census is the population thereof “according to the last census authorized by law” and should be used in determining the population of the first judicial circuit after the official publication of the results of said special census.
Therefore, it is our opinion that for the purposes of determining the population of a judicial circuit and the number of circuit judges which should be provided to serve the people thereof, the results of “the last census authorized by law” in each of the counties comprising the circuit should be used, although the censuses in the various counties may not have been taken contemporaneously.
The effect of this opinion is specifically limited to the question posed in your request.
Inasmuch as this opinion is being handed you after the effective date of Article V, Florida Constitution, as amended at the last general election, we have limited our opinion to answering your request in the light of the existing constitutional provisions.
Respectfully,
GLENN TERRELL Chief Justice
T. FRANK HOBSON
E. HARRIS DREW
CAMPBELL THORNAL
STEPHEN C. O’CONNELL
Justices